Approved: _____
HAGAN SCOTTEN
Assistant United States Attorney

Before:   HONORABLE LISA M. SMITH
          United States Magistrate Judge

Southern District of New York

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA

- v. -

MATTHEW SAUER
                Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

15mj 4267

**SEALED COMPLAINT**

Violation of
18 U.S.C. §§ 2252A(a)(2)(B),
2252A(a)(2)(b)(1), 2252A(5)(B)

County of Offense:
Westchester

SOUTHERN DISTRICT OF NEW YORK, ss.:

SEAMUS CLARKE, being duly sworn, deposes and says that he is a Special Agent with the Federal Bureau of Investigation ("FBI"), and charges as follows:

COUNT ONE

On or about February 28, 2014, and thereafter, in the Southern District of New York and elsewhere, MATTHEW SAUER, the defendant, knowingly received and distributed material containing child pornography that had been mailed, and using means and facilities of interstate and foreign commerce shipped and transported in and affecting interstate and foreign commerce by any means, including by computer, to wit, SAUER received files containing images and videos of child pornography on his computer in Middletown, New York, via electronic mail from the Philippines.

(Title 18, United States Code, Sections 2252A(a)(2)(B) and (b)(1).)

COUNT TWO

On or about February 28, 2014, and thereafter, in the Southern District of New York, MATTHEW SAUER, the defendant, knowingly possessed a book, magazine, periodical, film, videotape, computer disk, and other material that contained an image of child pornography that had been mailed, shipped and transported using a means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce by any means, including by computer, to wit, SAUER possessed on a computer in his residence in Middletown, New York images of child pornography that had been transported via the Internet.

(Title 18, United States Code, Sections 2252A(a)(5)(B) and (b)(2).)

The bases for my knowledge and for the foregoing charges are, in part, as follows:

1. I am a Special Agent with the Federal Bureau of Investigation ("FBI") and I am currently assigned to the FBI's Hudson Valley Resident Agency in New Windsor, New York. I have been an agent with the FBI for approximately 11 years. I have conducted and participated in numerous investigations of criminal activity, including, but not limited to criminal violations relating to child exploitation and child pornography, including violations pertaining to the illegal distribution, receipt, and possession of child pornography, in violation of 18 U.S.C. §§ 2252 and 2252A. In addition, I have received training in the area of child pornography and child exploitation, and have had the opportunity to observe and review numerous examples of child pornography (as defined in 18 U.S.C. § 2256) in various forms of media including computer media.

2. Because this Complaint is being submitted for the limited purpose of establishing probable cause, I have not included the details of every aspect of the investigation. Where actions, conversations, statements of others, and contents of documents, are related herein, they are related in substance and in part, except where otherwise indicated.

## DEFINITIONS

3. The following terms have the indicated meaning in this Complaint:

   a. The term "minor," "sexually explicit conduct," and "visual depiction," as used herein, are defined as set forth in Title 18, United States Code, Section 2256.

   b. The term "child pornography," as used herein, is a visual depiction of a minor involved in sexually explicit conduct as defined in Title 18, United States Code, Section 2256(8)(A).

## THE INVESTIGATION

4. In or about April 2015, I received information from the FBI Major Case Coordination Unit ("MCCU"), in Linthicum, Maryland, with respect to an international investigation concerning various Yahoo! accounts ("Seller Accounts"), operating from the Philippines, believed to be selling images and videos of child pornography, including live-streamed videos, via Yahoo! Mail and Yahoo! Messenger. Based on the information I obtained from MCCU, I am aware that federal search warrants authorizing the search of several Seller Accounts were signed by the United States Court for the District of Columbia and executed in February 2015.[1] On or about February 25, 2015, and March 9, 2015, Yahoo! returned records pursuant to these federal search warrants.

---

[1] These federal search warrants remain under seal in the District of Columbia.

5.      MCCU provided my office with information obtained from Yahoo! relating to one of the Seller Accounts, badiolajolina@yahoo.com ("Seller Account 1"), that appeared to be selling child pornography to various email accounts, including an account entitled bellvalemts@yahoo.com.

6.      The information provided by MCCU included approximately eight emails between Seller Account 1 and bellvalemts@yahoo.com and approximately seven Yahoo! Message chats between Seller Account 1 and bellvalemts@yahoo.com.

7.      The emails exchanged between Seller Account 1 and bellvalemts@yahoo.com were dated February 28, 2014. The message chats between Seller Account 1 and bellvalemts@yahoo.com were dated between February 28, 2014 and March 1, 2014.

8.      Based on my review of the emails and the message chats between Seller Account 1 and bellvalemts@yahoo.com, I have observed the following, among other things:

   a.   In a message chat dated February 28, 2014, Seller Account 1 writes: "you likevideos [sic] and pics for1500 [sic] pesos." Seller Account 1 writes: "500 pics and 24 videos." Seller Account 1 writes: "all suck fuck cum eat." Bellvalemts@yahoo.com responds: "how much?" Seller Account 1 writes: "1500 pesos." Later in the chat, Seller Account 1 asks "ok where." Bellvalemts@yahoo.com responds "in wu." Seller Account 1 says "ok so you need my name" and then provides: "Jenny Cuevas" and "phillipines."

   b.   A message chat dated February 28, 2014 between Seller Account 1 and bellevalemts@yahoo.com in which Seller Account 1 asks: "you recieve [sic] video i sent." Bellvalemts@yahoo.com responds: "I'm sending now." Thereafter the Bellvalemts@yahoo.com provides the number, "8343279403," and then writes: "Matthew Sauer," and "New York, USA." Thereafter, Seller Account 1 responds: "yes how much?" Bellvalemts@yahoo.com says: "1526" and "bellvalemts@yahoo.com."

   c.   An email dated February 28, 2014 at approximately 11:11 a.m. from Seller Account 1 to bellvalemts@yahoo.com attaching a video file entitled "Fatman Cambodia anal.avi." I have reviewed the video attachment. It is a video file in which an adult male engages in anal intercourse with a prepubescent girl.

   d.   An email dated February 28, 2014 at approximately 11:15 a.m. from Seller Account 1 to bellvalemts@yahoo.com attaching a video entitled "_michelle_4yo_.wmv." I have reviewed this video attachment. It is a video file depicting a naked prepubescent girl. An adult male's penis is inserted into the girl's mouth.

   e.   An email dated February 28, 2014 at approximately 11:19 a.m. from Seller Account 1 to bellvalemts@yahoo.com attaching approximately 50 photographs. I have reviewed the photographs that are attached to this email. They are photographs of what appear to be prepubescent girls in various stages of undress. In some of the photos, the girls are naked and their genital areas are visible.

9.      Based on information obtained from Yahoo!, I learned that bellvalemts@yahoo.com is registered to "Mr Matt Sauer" in "Bellvale, NY 10912" with a listed telephone number of 845-800-6367. Yahoo! provided the IP logins for bellevalemts@yahoo.com for the period of April 13, 2014 through May 16, 2015. I have reviewed the information provided and observed that bellvalemts@yahoo.com was accessed from IP 74.68.51.233 ("IP 1") on numerous occasions. In

addition, on or about May 16, 2015, bellvalemts@yahoo.com was accessed from IP 67.250.252.21 with port 56319 ("IP 2") at approximately 12:32 p.m. GMT.

10. In May, the FBI obtained a search warrant in the Southern District of New York, authorized by United States Magistrate Judge Lisa Margaret Smith, for the contents of the email account bellvalemts@yahoo.com. I reviewed the materials provided by Yahoo! in response to the search warrant. Based on my review of the materials provided by Yahoo!, I am aware that the contents of the bellvalemts@yahoo.com include:

   a. An email sent on January 21, 2015 at approximately 7:37 p.m. from ebill@oru.com with the subject, "Your Orange & Rockland e-bill." The body of the email refers to a customer by the name of "Matthew Sauer."

   b. An email dated May 7, 2015 from "Babbitts Suzuki parts house orderinfo@babbittsonline.com" containing an order confirmation indicating that items have been ordered and will be shipped to Matthew Sauer, 52 Helen Drive, Middletown New York 10940. The email also provides that the billing information is "Matthew Sauer, 52 Helen Drive, Middletown New York 10940."

   c. An email sent on December 19, 2014 from bellevallemts@yahoo.com to a user at "sale.craigslist.org" with a subject "2000 Suzuki Intuder offer – Matt from Middletown." The body of the email states, in part, "I am hoping you would accept $2000 for the bike." The email is signed "Best Regards, Matt Sauer, 845-800-6367."

   d. An email sent on March 9, 2015 from "Time Warner Cable < timewarnercable@email.timewarnercable.com>" with the subject "Your TWC is now available." The body of the email is addressed to Matthew Sauer.

11. The materials provided by Yahoo included a list of "friends" in the user's Instant Message directory. I have reviewed this information. Seller Account 1 – "badiolajolina" – appears in the user's directory.

12. Based on information obtained from Time Warner, I have learned that on February 28, 2015, at approximately 11:58 p.m., Eastern Standard Time, IP 1 was subscribed to by a "Matthew Sauer" residing at 52 Helen Drive, Middletown New York. According to the information provided by Time Warner, this account was activated on December 5, 2008 and remained active as of May 4, 2015. In addition, Time Warner records also reveal that IP 2, on May 16, 2015 at approximately 12:32 Greenwich Mean Time, was subscribed to by "Matthew Sauer" with an address of "52 Helen Drive, Middletown New York 10940." According to the information provided by Time Warner, this account was activated on December 5, 2008 and remained active as of June 8, 2015. According to Time Warner, 845-800-6367 is a telephone number associated with this account.

13. I have also obtained and reviewed records provided by Western Union. These records reflect that a "Matthew Sauer" with an address of "52 Helen Drive" in Middletown, New York, an email address of "email.mts@gmail.com" and a phone number of "845-800-6367" sent money via Western Union on approximately 282 occasions between January 10, 2012 and June 11, 2014. These transactions totaled approximately $ 42,733. These records include a record of a payment to "Jenny Cuevas" with an address of "449 T Sulit St, Pateros, Philippines" made on February 28, 2014 in the amount of $35 US dollars. Western Union records reflect that this payment was made at 11:49 p.m. on February 28, 2014. Further, the Western Union records indicate that the number "8343279403" is a Western Union "MPCN Transaction Number" and that the receiver of the payment received 1526 local currency.

14. I have obtained and reviewed records from the New York State Department of Motor Vehicles. Among other things, these records indicate that a "Matthew T. Sauer" has a driver's license with an address of "52 Helen Drive, Middletown, New York." In addition, these records include a photograph of "Matthew T. Sauer." Based on my review of the material provided by Yahoo!, I am aware that emails in the bellvalemts@yahoo.com account included photographs of an individual who appears to be the same individual pictured in the DMV photo of "Matthew T. Sauer."

15. Based in part on the foregoing, on or about June 19, 2015, the FBI obtained a search warrant in the Southern District of New York, authorized by United States Magistrate Judge Paul E. Davison, to search 52 Helen Drive, Middletown New York for, among other things, images and videos containing child pornography. On or about June 22, 2015, I and other FBI agents executed the search warrant. Pursuant to the warrant, we seized, among other things, multiple electronic devices including a Dell Inspiron 1420 laptop computer (the "Laptop").

16. MATTHEW SAUER, the defendant, was present during the execution of the search warrant at 52 Helen Drive, Middletown, New York. During the search, I spoke with SAUER. Also present at this time was an individual ("Individual-1") who SAUER claimed to be his fiancé. SAUER stated, in substance and in part: That he knew the user of Seller Account-1; that he had paid the user of Seller Account-1 for pornographic images, but that he had expected to receive images of adults rather than children; and that any images relevant to the investigation would be found on the Laptop.

17. After completing the search of all the seized electronics with the exception of the Laptop, I contacted MATTHEW SAUER, the defendant, and informed him that he could retrieve those possessions at the FBI's office in New Windsor, New York (the "New Windsor Office"). On or about August 14, 2015, SAUER came to the New Windsor Office. At the New Windsor Office, I advised SAUER of his *Miranda* rights. SAUER signed a form acknowledging those rights and agreeing to speak with another FBI Special Agent and me without the presence of an attorney. SAUER then stated, in substance and in part, that:

  a. SAUER had traveled to the Philippines in August 2013 to meet JOLINA LNU, the operator of Seller Account-1. SAUER described JOLINA as now an ex-girlfriend and claimed to have traveled with her in the Philippines for approximately eight days. Since that time SAUER reported intermittent contact with JOLINA via the Internet.

  b. SAUER acknowledged sending large amounts of money to various persons in the Philippines, including JOLINA, for various purposes ranging from purchase of cellphones to purchases of pornographic pictures. SAUER regularly interacted with young women in the Philippines via the Internet, for various purposes, including paying them to dance nude via web camera that he viewed.

  c. SAUER had received pornographic pictures and videos, including child pornography, from sources in the Philippines. SAUER was aware that the pictures and videos he received contained child pornography, including "disgusting and disturbing" images, yet continued to request and pay for additional images and videos.

  d. SAUER initially stated that he did not specifically recall receiving child pornography from JOLINA, but subsequently stated that he was surprised when JOLINA sent him child

pornography. SAUER reported saving the pornographic images and videos sent by JOLINA, including the videos and images of child pornography, to the Laptop's hard drive, and deleting the emails containing those images and videos. SAUER then subsequently deleted the child pornography from the Laptop when Individual-1 moved into SAUER's residence in or about April 2014.

     e.  SAUER acknowledged sending payment to JOLINA for pornographic images and videos after viewing samples sent by JOLINA that contained, among other things, child pornography.

     f.  SAUER claimed that although he sought pornography involving "younger people" he was not interested in "pictures of tiny kids." He further claimed that he would never have paid for pictures of "young kids" and instead wanted pictures of "younger girls (18 and older)." According to SAUER, he knew that he had child pornography on his computer, which he had saved and opened, but claimed that he had become de-sensitized to child pornography based on the volume he had received, and that child pornography was not the majority of images or videos that he received.

    18.  On or about November 6, 2015, FBI technicians completed their search of the Laptop. I have learned from speaking with these technicians that they located no images or videos containing child pornography on the Laptop.[2] These technicians have also informed that based on the amount of time elapsed between April 2014 – when MATTHEW SAUER, the defendant, claimed to have erased his pornographic images and videos – and June 22, 2015 – when the FBI seized the Laptop – it is reasonable to expect that no traces of those images or videos would remain on the Laptop.

    WHEREFORE, deponent prays that MATTHEW SAUER, the defendant, be arrested and imprisoned or bailed, as the case may be.

                     SEAMUS CLARKE
                     Special Agent
                     Federal Bureau of Investigation

Sworn to before me this
30th day of November, 2015

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF NEW YORK

---

[2] The Laptop did contain images of certain "avatars," which are the visual representations used by persons engaged in online chat. Several of these avatars depicted child pornography, and the avatar used by Seller Account-1 depicted prepubescent girls wearing only underwear. It is not, however, certain that these avatars were used during chats in which SAUER engaged.

6