UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------- x
                                                                   :

UNITED STATES OF AMERICA,           :

         - v. -                            :         16 Cr. 565 (CS)

MATTHEW SAUER,                          :

                       Defendant.              :

------------------------------------------------------------------- x

# THE GOVERNMENT'S SENTENCING MEMORANDUM

                                                                                PREET BHARARA
                                                                                United States Attorney for the
                                                                                Southern District of New York
                                                                                One St. Andrew's Plaza
                                                                                New York, New York 10007

Hagan Scotten
Assistant United States Attorney
       -Of Counsel-

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x
                                                                         :
UNITED STATES OF AMERICA,                                                :
                                                                         :
           - v. -                                                        :    16 Cr. 565 (CS)
                                                                         :
MATTHEW SAUER,                                                           :
                                                                         :
                                                                         :
                     Defendant.                                          :
                                                                         :
------------------------------------------------------------------------ x
```

**THE GOVERNMENT'S SENTENCING MEMORANDUM**

The defendant is scheduled to be sentenced in this matter on March 15, 2017. The Government respectfully submits this memorandum in advance of the sentencing. For the reasons stated below, the Government is unaware of facts or circumstances that would warrant recommending a sentence below the sentencing range of 78 to 97 months' imprisonment specified by the United States Sentencing Guidelines (the "Guidelines" or "U.S.S.G.").

**BACKGROUND**

In the course of an investigation into various e-mail accounts operating in the Philippines that sold child pornography to customers in the United States, the Federal Bureau of Investigation ("FBI") learned that an email account used by the defendant had received images and videos of child pornography. *See* Presentence Report ("PSR") ¶ 6, Complaint (Dkt. 2), at ¶¶ 5-9. Based on that information, the FBI obtained a warrant to search the defendant's computer. Although no images of child pornography were found on the computer, Sauer confirmed that he had received child pornography and stored it for a time, then later deleted it. PSR ¶¶ 8-9, 12. At least some of the images and videos the defendant received were also

preserved by virtue of separate, earlier search warrants on the email account that sold him the pornography. PSR ¶ 7.

## DISCUSSION

**A.     Applicable Law**

The United States Sentencing Guidelines still provide strong guidance to the Court following *United States* v. *Booker*, 543 U.S. 220 (2005), and *United States* v. *Crosby*, 397 F.3d 103 (2d Cir. 2005). Although *Booker* held that the Guidelines are no longer mandatory, it also held that the Guidelines remain in place and that district courts must "consult" the Guidelines and "take them into account" when sentencing. *Booker*, 543 U.S. at 264.

After calculating the Guidlines a sentencing judge must consider seven factors outlined in Title 18, United States Code, Section 3553(a): (1) "the nature and circumstances of the offense and the history and characteristics of the defendant," 18 U.S.C. § 3553(a)(1); (2) the four legitimate purposes of sentencing, as set forth below, *see id.* § 3553(a)(2); (3) "the kinds of sentences available," *id.* § 3553(a)(3); (4) the Guidelines range itself, *see id.* § 3553(a)(4); (5) any relevant policy statement by the Sentencing Commission, *see id.* § 3553(a)(5); (6) "the need to avoid unwarranted sentence disparities among defendants," *id.* § 3553(a)(6); and (7) "the need to provide restitution to any victims," id. § 3553(a)(7). *See Gall*, 552 U.S. at 50 & n.6.

In determining the appropriate sentence, the statute directs judges to "impose a sentence sufficient, but not greater than necessary, to comply with the purposes" of sentencing, which are:

> (A)     to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>
> (B)     to afford adequate deterrence to criminal conduct;
>
> (C)     to protect the public from further crimes of the defendant; and

3

>     (D)   to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

18 U.S.C. § 3553(a)(2).

## B.  Discussion

As his submission details, the defendant can identify a number of reasonable mitigating factors relative to the high Guidelines range applicable here, in particular that his conduct appears both isolated and not symptomatic of a general threat to children that is likely to repeat.  The Government does not, however, believe that on the whole circumstances of this case justify a departure from the Guidelines range calculated by the parties' plea agreement and the PSR.

In particular, unlike many defendants facing similar charges, the defendant actually paid for the child pornography he received.  Sauer claims that he was not seeking child pornography (but was instead seeking adult pornography) when he agreed to receive images from the selling account.  But Sauer nonetheless continued to interact with the seller *after* receiving the illegal files.  He also maintained some of the child pornography he received from the seller for months, deleting it only once he was expecting a roommate (his fiancé) who might have found the contraband.  That Sauer provided payment for the child pornography means that he was channeling money into an industry that inflicts unspeakable injuries on children, and increasing demand for that industry's despicable product.  Moreover, although not true of all the illegal images and videos received by the defendant, some of the child pornography the defendant received was truly horrifying, include the rape of a child estimated to be four years old, and another who was clearly prepubescent.  Thus although the Government in this case has agreed to a plea that does not expose the defendant to a statutory mandatory minimum sentence

4

of imprisonment, it does not recommend that the Court issue a sentence below the Guidelines that the parties and the PSR have correctly calculated.

## **CONCLUSION**

For the reasons set forth above, the Government respectfully requests that the Court impose a sentence on the defendant within the applicable Guidelines range of 78 to 97 months' imprisonment, as such a sentence would be sufficient but not greater than necessary to serve the legitimate purposes of sentencing.

Dated: White Plains, New York
       March 13, 2017

                                    Respectfully submitted,

                                    PREET BHARARA
                                    United States Attorney

           by:   /s/_____
                  Hagan Scotten
                  Assistant United States Attorney
                  (212) 637-2410


cc:       Jason Ser, Esq. (by email)
           USPO Sara K. Willette (by email)